IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITEDHEALTHCARE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MAUI MEMORIAL EMERGENCY MEDICAL ASSOCIATES, INC., <br><br> Defendant. | Case No. 26-cv-00040-DKW-WRP <br><br> **ORDER (1) GRANTING IN PART DEFENDANT'S MOTION TO DISMISS, AND (2) DISMISSING ACTION WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND FOR LACK OF SUBJECT MATTER JURISDICTION** |

Defendant Maui Memorial Emergency Medical Associates, Inc. (Maui Memorial) moves to dismiss this case with prejudice for, *inter alia*, a lack of subject matter jurisdiction. Specifically, Maui Memorial argues that Plaintiff UnitedHealthcare Insurance Company's (United) single substantive claim of fraud does not "arise under" federal law and, thus, subject matter jurisdiction is lacking. United disagrees, arguing that a federal law—the No Surprises Act (NSA)—is "embedded" in its fraud claim and "implicates significant federal issues."

Upon review, there is nothing "significant" or, in the relevant parlance, "substantial" about any possible federal issues in this lawsuit. The alleged fraud here does not center on federal action and does not implicate federal revenue. Instead, it centers on Maui Memorial's alleged attempt to extract money from

United, to which Maui Memorial is not entitled.   Further, the fraud dispute between the two private parties does not *turn* on the purported construction of the NSA. Instead, at most, the NSA implicates just one part of the fraud claim United would be required to prove, with the rest devoid of any federal interest.   Further still, United's fraud claim ignores federal legislation that provides it with avenues of relief that do not include pursuing a State law claim in federal court.   Also, while unnecessary to the decision here because the federal issue is not substantial, the record likely does not establish that any federal issue is *actually* disputed and can be resolved without disrupting the federal-state balance approved by Congress.   For all these reasons, and as more fully set forth below, because this Court lacks subject matter jurisdiction, this case is DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND.

## BACKGROUND

This case began with the filing of the Complaint on January 30, 2026.   Dkt. No. 1.   Therein, United asserts two causes of action against Maui Memorial: the first for declaratory judgment under the federal Declaratory Judgment Act; and the second for fraud under State law.   The sole asserted basis for subject matter jurisdiction is a federal question "because resolution of the claims in this Complaint raises disputed and substantial questions under the NSA…and will require judicial interpretation of the NSA."   *Id*. at ¶ 9.

2

More specifically, United alleges the following with respect to its claims. On June 12, 2025, a patient visited the emergency room (ER) at Maui Memorial Medical Center on the Island of Maui, Hawai'i. *Id*. at ¶ 54. United provided medical insurance to this patient through a Medicare Advantage "D-SNP" or dual-eligible special needs plan extending both Medicare and Medicaid benefits. *Id*. at ¶¶ 4, 54. While at the ER, the patient received services from a provider affiliated with Maui Memorial. *Id*. at ¶ 56.

On June 26, 2025, Maui Memorial submitted a claim to United for services provided to the patient in the amount of $3,076.15. *Id*. at ¶ 58. Upon receiving this claim, United determined that the patient was a member of United's Medicare Advantage D-SNP. *Id*. at ¶ 59. According to United, Maui Memorial should also have known this because the patient's insurance card "clearly identif[ied]" the patient as a D-SNP enrollee. *Id*. at ¶ 55. As a result, on July 3, 2025, using the Center for Medicare and Medicaid Services' (CMS) fee schedule, United paid Maui Memorial $163.22, which represented the "allowed amount" of $166.55 minus a "2% Medicare Sequestration Payment Reduction" of $3.33. *Id*. at ¶¶ 60-61. At the same time, United sent Maui Memorial a Provider Remittance Advice (PRA), which, *inter alia*, was printed on a letterhead labeled "UnitedHealthcare Community Plan" and elsewhere stated "UnitedHealthcare Dual Complete LPPO HIDE". *Id*. at ¶¶ 61-62.

3

Maui Memorial did not appeal United's payment.  *Id*. at ¶ 67.  Instead, on August 19, 2025, through its "agent" HaloMD, LLC, Maui Memorial initiated an Independent Dispute Resolution (IDR) under the NSA.  *Id*. at ¶¶ 42, 68.  In doing so, Maui Memorial "attested" that the services rendered to the patient were "within the scope" of the IDR process and sought $3,076.15 for services provided to the patient.  *Id*. at ¶ 71.  A day later, United responded, attesting that Maui Memorial's claim was *not* eligible for the IDR process because the patient was enrolled in Medicare.  *Id*. at ¶ 72.  In that regard, the Complaint alleges that, in "[g]uidance" issued by various Departments of the U.S. Government, it is stated that the "IDR process **does not apply** to items and services payable to Medicare [and] Medicaid…."  *Id*. at ¶ 81 (emphasis in original).

Pursuant to the IDR process, Keystone Peer Review Organization (Keystone) was selected as the entity certified to make a "binding payment determination" as to Maui Memorial's claim.  *Id*. at ¶¶ 43, 74.  On September 18, 2025, United sent a letter to Keystone, stating that the claim was not eligible for the IDR process because the patient was enrolled in a Medicaid plan.  *Id*. at ¶ 74.  However, notwithstanding United's position, on October 3, 2025, Keystone "inexplicably determined" the claim in favor of Maui Memorial, ordering United to pay $3,076.15, the amount sought by Maui Memorial.  *Id*. at ¶ 75.

Following Keystone's decision, United filed a complaint with the "federal No Surprises Help Desk", seeking to have the decision overturned.   *Id*. at ¶ 79.[1] Apparently at or near the same time, United asserted two causes of action in this proceeding.   First, for declaratory judgment under the federal Declaratory Judgment Act (DJA).   Specifically, United sought a declaratory judgment finding that Maui Memorial engaged in "unlawful and fraudulent" conduct in submitting the above-described claim to IDR, that "Medicare and Medicaid claims are not eligible" for IDR, that Keystone and similar entities "have no authority" over Medicare and Medicaid claims, and that United is "not obligated" to pay awards issued with respect to such claims.   *Id*. at ¶¶ 99, 101.   As part of this first claim, United also sought an "injunction" prohibiting Maui Memorial from submitting "false attestations" and initiating IDR for unqualified services.   *Id*. at ¶ 103.   United's second claim is for fraud under the "common law" premised upon Maui Memorial's "false" attestation that the services rendered to the patient were within the scope of the IDR process.   *Id*. at ¶¶ 109-115.   With respect to this claim, in addition to damages, United sought the same "injunctive relief" described above.   *Id*. at ¶ 116.

On April 3, 2026, Maui Memorial moved to dismiss the Complaint with prejudice on various grounds.   Dkt. No. 27.   First, Maui Memorial argues the lack of subject matter jurisdiction.   Second, Maui Memorial argues that this lawsuit is an

---

[1]Based upon the Court's review, the Complaint does not allege what became of this "complaint". Instead, the only other apparent reference to the same is United describing it, or at least the "process" involving it, as "objectively insufficient".   *See* Dkt. No. 1 at ¶¶ 79, 95.

"impermissible collateral attack[]" on Keystone's decision.   Third, Maui Memorial argues that United's claims are barred by the "*Noerr-Pennington* doctrine". Fourth, Maui Memorial argues that the Complaint fails to state a claim for fraud. Fifth, Maui Memorial argues that, with respect to declaratory relief concerning the authority of entities such as Keystone, those entities are "indispensable" parties but have not been named in the Complaint.

United opposes dismissal.   Dkt. No. 35.   First, United argues that subject matter jurisdiction exists under the "well-pleaded complaint" rule, and the complaint satisfies "all four factors" of a test set forth in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) and *Gunn v. Minton*, 568 U.S. 251, 258 (2013), for establishing federal question jurisdiction over a State law claim. Second, United argues that its claims are not barred by the NSA and do "not seek[] vacatur" of Keystone's decision.   Third, United argues that the "*Noerr-Pennington* doctrine" does not apply and even if it did, an exception exists for "sham" conduct. Fourth, United argues that it has sufficiently alleged a fraud claim.   Fifth, United argues that entities like Keystone are not "indispensable" in order to declare Maui Memorial's conduct unlawful and enjoin the same.   Finally, United argues that, to the extent this Court finds any deficiency with the Complaint, leave to amend should be granted.

6

On May 29, 2026, Maui Memorial replied, including by providing supplemental authority.   Dkt. Nos. 36-37.   With briefing complete, this Order now follows.

## RELEVANT LEGAL STANDARDS

As just described, Maui Memorial moves for dismissal on a number of grounds.   Because the Court finds that only one of those grounds (subject matter jurisdiction) is necessary to resolve the motion to dismiss, the Court sets forth the legal framework for that issue alone.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal due to a lack of subject matter jurisdiction.   When a defendant does so, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Investments, LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quotation omitted).[2]

Here, in the Complaint, United asserts that a federal question provides subject matter jurisdiction.   Dkt. No. 1 at ¶ 9.[3]   Generally speaking, a federal question is one involving the Constitution or laws of the United States.   *Arbaugh v. Y&H*

---

[2]A Rule 12(b)(1) motion can consist of a facial or factual attack on jurisdiction.   *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).   Here, Maui Memorial raises a facial attack because it challenges the sufficiency of the allegations in the Complaint.   *See id.* ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.   By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.").
[3]Neither the Complaint, nor United's opposition to the motion to dismiss, rely upon diversity as a basis for subject matter jurisdiction.   Therefore, the Court does not address that matter further.

*Corp.*, 546 U.S. 500, 513 (2006).   As with many things, however, exceptions exist. United relies upon one such exception—the "four factor[]" test mentioned above, also known as *Grable* and/or *Gunn* jurisdiction.   Specifically, federal question jurisdiction may exist where, in a State law claim, such as the fraud claim in the Complaint, "a federal issue is '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'"   *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) (quoting *Gunn*, 568 U.S. at 258).[4]   This is a "special and small category" of State law claims.   *City of Oakland*, 969 F.3d at 904 (quotation omitted).

While all four of the foregoing requirements must be met for federal jurisdiction to be proper, the third—whether a case turns on a federal issue that is "substantial"—has often been the "focus[]" of the U.S. Supreme Court.   *Id*. at 904-905.   In *City of Oakland*, the Ninth Circuit explained that an "issue may qualify as substantial when it is a pure issue of law that directly draws into question the constitutional validity of an act of Congress or challenges the actions of a federal agency, and a ruling on the issue is both dispositive of the case and would be

---

[4]Although the Declaratory Judgment Act, the cited basis of United's first claim, is a *federal* statute, United, for good reason, does not rely upon the same as a basis for federal question jurisdiction.   *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005) (explaining that "the Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction," and, therefore, a plaintiff must "plead an independent basis for federal jurisdiction.").

controlling in numerous other cases." *Id*. at 905. Ultimately, the substantiality inquiry looks to "the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260.

Leave to amend a complaint should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). This is true also for deficiencies in subject matter jurisdiction. *Trentacosta v. Frontier Pacific Aircraft Indus., Inc.*, 813 F.2d 1553, 1561 (9th Cir. 1987). However, justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

The parties disagree whether the four requirements for *Grable/Gunn* jurisdiction exist here and, thus, whether there is subject matter jurisdiction over United's claims. For United, the requirements are met because (1) its claims cannot be adjudicated without interpreting the NSA, (2) Maui Memorial has "refused to concede" whether the services provided to the patient were eligible for the IDR process, (3) this issue is "significant to the federal system as a whole", and (4) addressing the issue will not "open[] federal courts to routine state-law disputes."

9

Dkt. No. 35 at 9-12.   Maui Memorial disagrees, arguing that none of the requirements are met because (1) United's claims do not "necessarily raise" a federal issue, (2) the NSA's "procedures" are not actually disputed, (3) there is not a "substantial" question of federal law presented, and (4) resolution of a State tort claim in federal court will "disrupt" the federal-state balance approved by Congress. Dkt. No. 27-1 at 12-13.

Upon review, while Maui Memorial appears to have the better of most, if not all, of the foregoing disputes, the Court primarily addresses only one: United's failure to establish that a "substantial" federal issue is presented in this case, the same issue highlighted by much of the relevant case law.   United contends that such an issue or issues exist because this Court can determine "whether D-SNP claims are categorically excluded from the NSA IDR process" and "whether the NSA's categorical exclusion of D-SNP claims has any teeth".   Dkt. No. 35 at 11. However, other than parroting the legal standard— "significant to the federal system as a whole"—United never explains how these alleged issues are substantial, at least in the relevant sense.   For example, United never explains how these issues are at all comparable to the ones deemed substantial by the Supreme Court.   Specifically, those "substantial" issues involved the construction of federal law and a federal treaty in quiet title actions, the federal government's compliance with federal law in another quiet title action, and the constitutionality of a federal statute authorizing

10

federal bonds.   *See City of Oakland*, 969 F.3d at 904 (summarizing cases).   In contrast, the dispute here involves purely non-federal actors, no real property, no treaty, and no challenge to the constitutionality of a federal law.   Moreover, the alleged federal issue here—interpretation of the NSA—at best, concerns one part of United's fraud claim: whether a *false* representation was made.   No other element of the fraud claim, of which there are several, even allegedly involves a federal issue or allegedly involves a "pure" question of law.   It, thus, strains reason to believe that this case "turns on" a federal issue, substantial or otherwise, because it does not. *See City of Oakland*, 969 F.3d at 905.   In this light, because there is no precedent to support extending *Grable* to the alleged issue(s) in this case, the Court declines to do so.   *See also Unitedhealthcare of Pa., Inc. v. Northstar Anesthesia of Pa., LLC*, 2026 WL 1145885, at *8 (E.D. Pa. Apr. 28, 2026) (finding, in a lawsuit largely identical to the one here, that the plaintiff's common law fraud claim, concerning representations made in initiating the IDR process, did not raise a "substantial" federal issue).[5]

---

[5]While it is unnecessary to the Court's finding, two further observations are warranted.   First, the current record does not establish that the federal issue presented by United—whether the NSA "exclude[s]" D-SNP claims—is *actually* disputed.   Notably, even United's argument suggests otherwise, given that it merely argues that Maui Memorial has "refused to concede" the issue. Refusing to concede something is, of course, not the same as *actually* disputing.   This is particularly so here, where in disputing whether United has stated a fraud claim, Maui Memorial appears to dispute every element of such a claim, *other than* whether the attestation to Keystone was false.   *See* Dkt. No. 27-1 at 19-24; *cf. Gunn*, 568 U.S. at 259 (explaining that federal patent law was actually disputed where it was the "central point of dispute" on the merits).   Second, United ignores the federal-state balance that has been approved by Congress with respect to the NSA.   In particular, in passing said statute, contrary to United's allegations, *see* Dkt. No. 1 at ¶¶

The remaining question is whether United is entitled to leave to amend the Complaint.   Upon review, the Court finds that amendment is not warranted as it would be futile.   Notably, amendment will not change the fact that this case does not involve any of the circumstances present in the "small" category of cases in which the Supreme Court has endorsed the exercise of federal question jurisdiction over State law causes of action.   Nonetheless, because the Ninth Circuit has explained that a dismissal for lack of subject matter jurisdiction should, generally, be with*out* prejudice, *see Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019) ("in general, dismissal for lack of subject matter jurisdiction should be without prejudice."), the Complaint is DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth herein, the motion to dismiss, Dkt. No. 27, is GRANTED IN PART, and the Complaint is DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND.

After entry of this Order, the Clerk is directed to CLOSE this case.

---

94-95, Congress approved a *limited* "recourse" for aggrieved parties--specifically, those circumstances set forth in the Federal Arbitration Act.   42 U.S.C. § 300gg-111(c)(5)(E)(i)(II) (citing 9 U.S.C. § 10(a)).   For whatever reason, United has chosen to ignore this avenue to judicial review.   That election, however, does not provide United with a basis to expand the limited access to judicial review Congress has afforded parties through the IDR process—one that does not include pursuing a State law claim in federal court.

IT IS SO ORDERED.

Dated: July 7, 2026 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge